# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**TIMOTHY C. DUNLAP II,**
**Plaintiff Below, Petitioner**

**v.) No. 25-ICA-105**        (Cir. Ct. Kanawha Cnty. Case No. CC-20-2024-C-1186)

**MORGAN M. SWITZER,**
**Defendant Below, Respondent**

**FILED**

**December 4, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Timothy C. Dunlap II appeals the Circuit Court of Kanawha County's February 13, 2025, Final Order Granting Defendant's Motion to Dismiss. In that order, the circuit court dismissed, with prejudice, Mr. Dunlap's complaint which asserted various causes of action against Respondent Morgan M. Switzer for her alleged actions as the court-appointed guardian ad litem for Mr. Dunlap's children in a family court action. Respondent Morgan M. Switzer filed a summary response in support of the circuit court's order.[1] Mr. Dunlap filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 23, 2024, Mr. Dunlap filed his "Petition for Civil Suit Against Morgan M. Switzer for Professional Negligence/Legal Malpractice and Spoliation of Evidence." Despite its title, the complaint alleged specific causes of action for (Count I) stalking and harassment pursuant to West Virginia Code § 61-2-9a, (Count II) perjury pursuant to West Virginia Code § 61-5-1, (Count III) violation of the Fourteenth Amendment of the United States Constitution, (Count IV) violation of the First Amendment of the United States Constitution, (Count V) intentional infliction of emotional distress, (Count VI) violation of Appendix B of the West Virginia Rules of Practice and Procedure for Family Court, and (Count VII) spoliation of evidence and violation of Rule 37 of the Federal Rules of Civil Procedure.

The gist of the allegations in the complaint are that Ms. Switzer, in her role as the court-appointed guardian ad litem for Mr. Dunlap's children in the family court proceedings, caused Mr. Dunlap emotional distress, violated various criminal statutes,

---

[1] Both parties are self-represented, though Ms. Switzer is a licensed attorney.

constitutional provisions, and rules of procedure, as well as "suppressed" certain evidence by failing to review evidence Mr. Dunlap presented, failed to investigate certain matters Mr. Dunlap raised, and failed to present certain evidence to the family court. Mr. Dunlap sought relief in the form of the appointment of a special prosecutor to investigate the actions of Ms. Switzer, general damages in the amount of $25,000, reimbursement of fees paid for guardian ad litem services, a permanent restraining order, punitive damages, an investigation by the Office of Disciplinary Counsel, and an injunction preventing Ms. Switzer from practicing law.

Along with his complaint, Mr. Dunlap filed discovery requests seeking the production of Ms. Switzer's communications with various other individuals named in the allegations in the complaint. On November 26, 2024, Mr. Dunlap filed a motion for summary judgment.

On December 11, 2024, Ms. Switzer filed her motion to dismiss which argued that Mr. Dunlap failed to state a claim and that Ms. Switzer was entitled to quasi-judicial immunity as a guardian ad litem because performance of that role is so integral in the judicial process. Mr. Dunlap filed a response to Ms. Switzer's motion to dismiss, in which he argued that his complaint stated a claim for his asserted causes of action and that the circuit court should follow a Pennsylvania Supreme Court decision he argued supports the proposition that guardians ad litem are not entitled to quasi-judicial immunity.

On February 13, 2025, the circuit court entered its order granting Ms. Switzer's motion to dismiss. In that order, the circuit court concluded that based on the factors outlined in *Hurley v. Allied Chemical Corp.,* 164 W. Va. 268, 262 S.E.2d 757 (1980), Mr. Dunlap could not pursue a private cause of action for alleged violations of criminal statutes because a plain reading of those statutes cited by Mr. Dunlap clearly demonstrate that the legislature intended for both statutes to be purely criminal. Likewise, the circuit court concluded that no private cause of action existed for violations of the Rules of Practice and Procedure for Family Courts. In regard to the causes of action asserted by Mr. Dunlap for violations of the United States Constitution, the circuit court concluded that such claims amounted to 42 U.S.C. § 1983 claims and, therefore, Mr. Dunlap failed to state a claim because the complaint did not allege that Ms. Switzer was a government official. In regard to his claims of intentional infliction of emotional distress, the circuit court concluded that Ms. Switzer's alleged conduct cannot be reasonably considered to be so extreme and outrageous as to constitute intentional or reckless infliction of emotional distress. Regarding Mr. Dunlap's claims for spoliation of evidence and violation of Rule 37 of the Federal Rules of Civil Procedure, the circuit court concluded that Mr. Dunlap failed to state a claim because no litigation was pending, and the allegation that Ms. Switzer "suppressed" evidence did not amount to an allegation of destroying evidence. The circuit court dismissed the complaint with prejudice. It is from this order that Mr. Dunlap appeals.

Our standard of review for the February 13, 2025, order is de novo. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*."). "For purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff. The trial court's inquiry will be directed to whether the allegations constitute a statement of a claim under Rule 8(a)." *Chapman v. Kane Transfer Co., Inc.*, 160 W. Va. 530, 538, 236 S.E.2d 207, 212 (1977). With these standards in mind, we turn to the assignments of error.

Mr. Dunlap first asserts that it was error for the circuit court to dismiss his complaint with prejudice without a hearing. We disagree. The circuit court has discretion in determining whether a motion is decided on the record or after a hearing. *See Corp. of Harpers Ferry v. Taylor*, 227 W. Va. 501, 506 n.5, 711 S.E.2d 571, 576 n.5 (2011) (citing W. Va. Trial Ct. R. 22.03 and stating that "[t]he court *may* require or permit hearings on motions[.]" (emphasis added)). Mr. Dunlap does not explain why the circuit court should have held a hearing on the motion to dismiss when both parties briefed the issues prior to the circuit court's ruling. Further, it does not appear that Mr. Dunlap ever sought leave to amend his complaint, and Mr. Dunlap does not explain on appeal how he could cure his complaint if allowed to amend. *See Bee v. W.Va. Sup. Ct. of App.*, No. 12-1111, 2013 WL 5967045, at \*4 (W. Va. Nov. 8, 2013) (memorandum decision) (concluding that circuit court did not err in denying leave to amend complaint and in dismissing case where "further litigation . . . would have been futile"). Accordingly, the circuit court did not err in dismissing Mr. Dunlap's complaint with prejudice without a hearing.

Mr. Dunlap's second and third assignments of error assert that the circuit court erred by failing to rule on Mr. Dunlap's motion for discovery and motion for summary judgment. Similarly, Mr. Dunlap asserts in his fifth assignment of error that the circuit court erred by failing to follow Rule 16 of the West Virginia Rules of Civil Procedure as it did not rule on pre-trial motions and issue a scheduling order. We disagree. "The purpose of a motion under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure is to test the sufficiency of the complaint." *Doe v. Logan County Board of Education,* 242 W. Va. 45, 49, 829 S.E.2d 45, 49 (2019) (quotations and citation omitted). When testing the sufficiency of a complaint, "[w]hether a complaint states a claim upon which relief may be granted is to be determined solely from the provisions of such complaint[.]" Syl. Pt. 11, *Vanderpool v. Hunt*, 241 W. Va. 254, 823 S.E.2d 526 (2019) (citations omitted). Here, the court's dismissal of Mr. Dunlap's complaint at the Rule 12(b)(6) stage ended the litigation and negated any need for ruling on motions for discovery or summary judgment or for issuing scheduling orders. Accordingly, the circuit court did not err in this regard.

In his fourth assignment of error, Mr. Dunlap argues that the circuit court erred by failing to comply with Trial Court Rule 16.05, which governs time standards for civil matters, and that such delay prejudiced Mr. Dunlap. We are mindful that "[w]hen a litigant

chooses to represent [themself], it is the duty of the [Court] to insure fairness, allowing reasonable accommodations for the pro se litigant so long as no harm is done an adverse party[.]" *Bego v. Bego*, 177 W. Va. 74, 76, 350 S.E.2d 701, 703 (1986). However, "[t]o preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a [reviewing] court to the nature of the claimed defect." Syl. Pt. 2, *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 470 S.E.2d 162 (1996). However, the Supreme Court of Appeals of West Virginia has long held that the general rule on appeal "is that nonjurisdictional questions not raised at the circuit court level will not be considered for the first time on appeal." *State v. Jessie,* 225 W. Va. 21, 27, 689 S.E.2d 21, 27 (2009). Further, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides that an appellant's brief to this Court "must contain . . . specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The [Court] may disregard errors that are not adequately supported by specific references to the record on appeal." Here, Mr. Dunlap's brief does not contain citations to the record that demonstrate when and how this issue was presented to the circuit court, and there is nothing in the record to indicate that Mr. Dunlap raised this issue to the circuit court, by motion or otherwise. Accordingly, we decline to consider this issue.

Mr. Dunlap's sixth and final assignment of error states as follows:

The Circuit Court erred by failing to properly consider [Mr. Dunlap's] claim that [Ms. Switzer's] dual role as both an employee of the State of West Virginia, as well as a political candidate for Kanawha County Prosecutor, and as a Guardian ad Litem created a conflict of interest, and that her actions violated [Mr. Dunlap's] Constitutional Right to oppose her political candidacy, and violated [Mr. Dunlap's] Freedom of Speech which is a FELONY under West Virginia Code 62-6-21. [Ms. Switzer's] actions were not only civil wrongdoings, but also criminal by [Ms. Switzer].

However, as we have observed previously, the Court cannot consider indecipherable arguments made in appellate briefs. *See Vogt v. Macy's*, *Inc.*, 22-ICA-162, 2023 WL 4027501, at *4 (W. Va. Ct. App. June 15, 2023) (memorandum decision) (citing *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (explaining that appellate courts frequently refuse to address undeveloped, perfunctory, or cursory arguments on appeal.)); *see also Megan W. v. Robert R.,* No. 23-ICA-353, 2024 WL 1592600, at *5 (W. Va. Ct. App. Feb. 27, 2024) (memorandum decision) ("It is well established that, '[a] skeletal "argument," really nothing more than an assertion, does not preserve a claim[.]'") (quoting *State v. Lambert*, 236 W. Va. 80, 100, 777 S.E.2d 649, 669 (2015). Further, as mentioned previously, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides that the Court may disregard errors that are not adequately supported by specific references to the record on appeal. Because Mr. Dunlap's argument in this

regard is indecipherable and unsupported by citation to the record, we decline to disturb the circuit court's order based on this assignment of error.

For the foregoing reasons, we affirm the circuit court's February 13, 2025, Final Order Granting Defendant's Motion to Dismiss.

Affirmed.

**ISSUED:** December 4, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White