# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**TERESA FARMER,**
**Plaintiff Below, Petitioner**

**v.) No. 25-ICA-30**          (Cir. Ct. Mercer Cnty. Case No. CC-28-2022-C-57)

**JEREMIAH EDWARD FARMER, individually**
**and in his official capacity as Executor**
**of the Estate of WILLIAM J. FARMER, SR.,**
**and WILLIAM JOSEPH FARMER, JR.,**
**Defendants Below, Respondents**

**FILED**
**December 4, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Teresa Farmer appeals the Circuit Court of Mercer County's December 20, 2024, order granting judgment to Respondents Jeremiah Edward Farmer, individually and as Executor of the Estate of William J. Farmer, Sr., and William Joseph Farmer Jr., and the circuit court's April 16, 2025, order denying Ms. Farmer's motion for relief from the December 20, 2024, order filed pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure. Jeremiah Farmer and William Farmer, Jr., filed a joint response.[1] Ms. Farmer did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

William Farmer, Sr., died testate on March 28, 2022, and at the time of his death was married to Ms. Farmer. William Farmer Sr., and Ms. Farmer had lived apart for several months immediately prior to his death. William Farmer, Sr.'s will named his son, Jeremiah Farmer, as executor and directed that his estate be divided between his two sons, Jeremiah Farmer and William Farmer, Jr.[2] Willam Farmer, Sr.'s will was entered into probate on

---

[1] Ms. Farmer is represented by Anthony M. Salvatore, Esq. Jeremiah Farmer and William Farmer, Jr., are represented by Derrick W. Lefler, Esq.

[2] The will names William Farmer, Sr.'s former spouse, Nancy Farmer, the mother of Jeremiah Farmer and William Farmer, Jr., as executor and as beneficiary of his estate. The will further provides that if Nancy Farmer predeceased him, Jeremiah Farmer would

1

March 29, 2022. The will was executed in 2000, prior to his marriage to Ms. Farmer, and she was not named in the will.

Within days of Jeremiah Farmer's appointment as executor, Ms. Farmer filed the underlying civil action asserting claims of fraud, theft, and self-dealing against Jeremiah Farmer, individually and as the executor of the estate, and against William Farmer, Jr. Subsequently, Ms. Farmer sought Jeremiah Farmer's removal as executor in a petition filed with the Mercer County Commission alleging similar claims of fraud, theft and self-dealing. In a June 13, 2023, order, the Mercer County Commission denied her request to remove Jeremiah Farmer as executor.

On June 27, 2022, Jeremiah Farmer filed an appraisement for the estate. The Clerk of the Mercer County Commission published notice of the estate and the claims bar date was set for September 12, 2022. On August 18, 2022, Ms. Farmer filed a claim against the estate alleging money owed for certain items of personal property and for the funeral and other expenses in the amount of $77,485.00. The claim does not contain any language indicating that Ms. Farmer was making a claim for an elective share pursuant to West Virginia Code § 42-3-1 (1995).

Thereafter, by agreed order entered November 17, 2023, the estate matters before the Mercer County Commission were consolidated with the civil action so that the circuit court could decide all pending matters between the parties. A bench trial was scheduled for May 2, 2024, but the parties agreed to forego the bench trial and submit the case to the circuit court on briefs, deposition testimony and documentary evidence. On December 20, 2024, the circuit court entered an order denying Ms. Farmer's request to remove Jeremiah Farmer as executor of the estate, determining that Ms. Farmer failed to prove Jeremiah Farmer's actions were improper or amounted to a breach of his fiduciary duties.

Ms. Farmer filed a motion for relief from the December 20, 2024, order pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure in circuit court and contemporaneously appealed the order to this Court. This Court remanded the matter for the circuit court to rule on Ms. Farmer's Rule 60(b) motion, and on April 16, 2025, the circuit court entered an order denying the motion. Both orders are the subject of this appeal.

---

be named executor, and his estate would share equally between William Farmer, Jr., and Jeremiah Farmer. William Farmer, Sr., and Nancy Farmer divorced after the will was executed and the parties do not dispute that after the divorce, Nancy Farmer was no longer an appointee under the will or a beneficiary of the estate. *See* West Virginia Code § 41-1-6 (1993) ("If after executing a will the testator is divorced or his marriage annulled, the divorce or annulment revokes any disposition or appointment of property made by the will to the former spouse. . .and any nomination of the former spouse as executor. . .").

We review the December 20, 2024, order granting summary judgment under a de novo standard. *See* Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994) ("A circuit court's entry of summary judgment is reviewed *de novo*.").[3] The April 16, 2025, order denying relief pursuant to Rule 60(b) will be reviewed under an abuse of discretion standard. *See* Syl. Pt. 4, *Vanderpool v. Hunt*, 241 W. Va. 254, 823 S.E.2d 526 (2019) ("A motion to vacate a judgment made pursuant to Rule 60(b), W. Va. R. C[iv]. P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion.") With these standards in mind, we will address Ms. Farmer's two assignments of error.

Ms. Farmer first asserts that the circuit court erred by not removing Jeremiah Farmer as executor due to his improper conduct and breach of his fiduciary duties. She argues that even though she sought reimbursement of funeral and other expenses, Jeremiah Farmer failed to amend the appraisement forms to identify Ms. Farmer as a beneficiary or list estate debts to include these expenses, and that these failures are clear violations of his duties as executor. Additionally, Ms. Farmer contends that Jeremiah Farmer should be removed as executor because he improperly took estate assets to North Carolina. We disagree with Ms. Farmer's arguments.

---

[3] Jeremiah Farmer and William Farmer, Jr., suggest that the standard of review for the December 20, 2024, order should be the standard used for reviewing an order following a bench trial. However, the circuit court did not conduct a bench trial. The matter was submitted for decision on briefs, deposition testimony, and documentary evidence. Further, the circuit court's order reflects that it treated the parties' briefs and submission of evidence as competing motions for summary judgment.

In addition to this procedural ambiguity, we note that the parties' agreed order consolidating the estate matters pending before the Mercer County Commission with Petitioner's civil action has complicated the procedure by which the issues on appeal have reached this court. Specifically, the issue of removal of an executor is vested in the county commission and would appropriately reach this court after appeal to the circuit court. *See Haines v. Kimble*, 221 W. Va. 266, 274-77, 654 S.E.2d 588, 596-99 (2007) (explaining this procedure). Had this case followed this traditional procedure, the circuit court's decision to affirm the county commission's order declining to remove the executor would be subject to abuse of discretion review. *See, e.g., id.* at 279, 654 S.E.2d at 601; *George C. Baker Tr. Dated July 20, 2002 v. Cooper*, No. 21-0866, 2022 WL 17444547, at *3 (W. Va. Dec. 6, 2022) (memorandum decision) ("Thus, we find that the circuit court did not abuse its discretion in concluding that the respondent should remain as executor."). However, because Petitioner's arguments fail even under the less deferential summary judgment standard, we find that it is unnecessary for us to determine if we should construe the circuit court's final order as an appellate review of the county commission's order declining to remove Jeremiah Farmer as executor.

In West Virginia, a party requesting removal of an executor must meet a high burden in that removing an executor requires evidence establishing that the executor is incompetent or that the executor fails or refuses to perform his or her duties. *See Haines v. Kimball*, 221 W. Va. 266, 273-74, 654 S.E.2d 588, 595-96 (2007). Regarding an executor's fiduciary duties, the Supreme Court of Appeals of West Virginia has explained that the executor's

> . . .duty is to manage the estate under his control to the advantage of those interested in it and to act on their behalf. In the discharge of this duty, the executor or administrator of a deceased's estate is held to the highest degree of good faith and is required to exercise the ordinary care and reasonable diligence which prudent persons ordinarily exercise, under like circumstances, in their own personal affairs.

Syl. Pt. 1, *Latimer v. Mechling,* 171 W. Va. 729, 301 S.E.2d 819 (1983).

To support her assertions on appeal, Ms. Farmer presents several examples of Jeremiah Farmer's alleged improper conduct. First, she claims that after seeking reimbursement for funeral expenses, Jeremiah Farmer should have amended the appraisement forms to identify Ms. Farmer as a beneficiary and to include her funeral expenses as an estate debt. However, this example does not establish improper conduct because Ms. Farmer was not named as a beneficiary under the will and the circuit court ultimately awarded her the funeral expenses. Next, Ms. Farmer asserts that Jeremiah Farmer acted improperly by not providing her notice of the estate filing. Nevertheless, she clearly had actual notice of the estate as evidenced by the filing of this lawsuit shortly after the will was submitted for probate, by the filing of her request with the Mercer County Commission for Jeremiah Farmer's removal as executor shortly after the appraisement was filed, and by the timely filing of her claim against the estate. Further, Ms. Farmer contends that Jeremiah Farmer took carloads of estate assets to North Carolina, but such conduct does not establish impropriety or breach of fiduciary duties because an executor has a duty to gather and protect estate assets. Based on the foregoing, we conclude that Ms. Farmer has not established Jeremiah Farmer's incompetence or that he failed or refused to perform his duties as executor pursuant to *Haines*, and therefore we find no error in the circuit court's failure to remove Jeremiah Farmer as executor of the estate.

Ms. Farmer next contends that the circuit court erred in its application of West Virginia Code § 42-3-4(a) (1995), arguing that she should have been relieved of the statutory requirements to claim an elective share because Jeremiah Farmer failed to list her as a beneficiary on the appraisement form and did not properly notify her of the estate filing. Conversely, Jeremiah Farmer and William Farmer, Jr., argue that Ms. Farmer was aware of William Farmer, Sr.'s death and the estate filing, so failing to list her as a

beneficiary or to properly notify her did not prevent Ms. Farmer from filing an elective share petition. We agree with Jeremiah Farmer and William Farmer, Jr.

The requirements for electing to take a spouse's elective share are set forth in West Virginia Code § 42-3-4(a), which provides:

> the election must be made by filing in the court and mailing or delivering to the personal representative, if any, a petition for the elective share within nine months after the date of the decedent's death, or within six months after the probate of the decedent's will, whichever limitation later expires. The surviving spouse must serve a copy of the petition for the elective share on, and must give written notice of the time and place set for hearing to persons interested in the estate and to the distributees and recipients of portions of the augmented estate whose interests may be adversely affected by the taking of the elective share.

Based on our review of the record, Ms. Farmer did not comply with the requirements of West Virginia Code § 42-3-4(a). She did not file an elective share petition, she did not provide notice to interested parties, and the matter was never set for hearing. Ms. Farmer argues that even if the statutory elective share requirements were not met, she should be excused from the requirements due to the actions of Jeremiah Farmer as executor. However, Ms. Farmer does not cite to any legal authority providing an exception to the statutory requirements for filing an elective share petition. In addition, Jeremiah Farmer's actions did not prevent her from properly filing an elective share petition. She had actual knowledge of the estate filing, had already filed her funeral expenses claim, and had ample opportunity to comply with West Virginia Code § 42-3-4(a). Ms. Farmer simply failed to do so within the prescribed time frame.

For the foregoing reasons, we find no error in the circuit court denying Ms. Farmer's request to remove Jeremiah Farmer as executor of the estate and we find no error in the circuit court's conclusion that Ms. Farmer is not entitled to an elective share of the estate. For the same reasons, we conclude that the circuit court did not abuse its discretion in denying Ms. Farmer's Rule 60(b) motion for relief from the December 20, 2024, order.

Accordingly, the circuit court's December 20, 2024, and April 16, 2025, orders are affirmed.

Affirmed.

5

**ISSUED:**  December 4, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White