BOBBY BARKER, *et al.*

*v.*

THE TRADERS BANK, *a Corporation, et al.*

(No. 12639)

Submitted March 4, 1969.          Decided March 18, 1969.

*Rudolph L. DiTrapano, John R. Mitchell, Thomas P. Maroney,* for appellants.

*George M. Scott,* for Traders Bank.

*Steptoe & Johnson, Carl F. Stucky, Jr.,* for Robert DePue.

BROWNING, JUDGE:

Plaintiffs, Bobby Barker and Patsy A. Barker, instituted this action in the Circuit Court of Roane County on January 4, 1965, against the Traders Bank, the complaint alleging that "on or about the 7th day of July, 1964, the defendant, in a willfully, wanton, malicious and wrongful manner, converted a certain HD Allis Chalmers 6 cylinder bull dozer, 1 lowboy, Phelan trailer No. 115604 and 1 1950 International Truck Serial No. A337663, of the value of Ten Thousand Dollars ($10,000.00), the property of the plaintiffs" as a result of which plaintiffs were damaged in the sum of Twenty-Five Thousand Dollars ($25,000.00) compensatory damages and Fifty Thousand Dollars ($50,000.00) punitive damages. A motion for a more definite statement was filed with the court, to which plaintiff consented, and in the statement filed plaintiffs set forth that on March 6, 1964, plaintiffs had executed a chattel deed of trust in favor of the defendant for one bulldozer to secure a note payable to defendant in the principal amount of $6,000, payable in twelve quarterly payments of $500 each, plus interest. The statement then asserts that the plaintiff Bobby Barker appeared at the Traders Bank on June 6, 1964, the date the first payment was due, and tendered the sum of $500 which the defendant refused to accept. The same tender was made on June 7 and refused and again on June 8 when the defendant accepted $500. On June 16, 1964, a second chattel deed of trust was executed by plaintiffs to the defendant embracing the same bulldozer but adding

thereto one lowboy and one 1950 International truck. Within ten days after the execution of this second chattel deed of trust the defendant Robert DePue, as trustee for the bank, repossessed the bulldozer, lowboy and truck, taking the bulldozer off a job where it was earning $10 per hour and on July 7, 1964, sold the three items covered by the chattel deed of trust at public sale.

The defendant bank then moved to dismiss the complaint for failure to state a cause of action upon which relief could be granted on the ground that any wrongful act as shown by the "more definite statement" was that of DePue rather than the bank which motion was sustained by the court and the plaintiffs were granted leave to file an amended complaint on or before July 9, 1965. On July 6, 1965, plaintiffs filed an amended complaint which in substance contained the allegations of the original complaint as amplified and explained by the "more definite statement" and joined DePue as a party defendant. Filed with this complaint as exhibits are the two chattel deeds of trust. Defendants again moved to dismiss on the ground that the amended complaint shows affirmatively that the plaintiffs were in default at the time the property was allegedly repossessed. The transcript of the record before us does not show any action by the court upon this motion to dismiss, however, on September 16, 1965, plaintiffs filed another complaint styled "first amended complaint" which again recites the execution of the note payable in twelve quarterly payments of "Five Hundred Dollars ($500.00) each plus interest" and alleges the tender of $500 on June 6, 7 and 8 as heretofore noted. Defendants again moved to dismiss on the ground that such amended complaint shows affirmatively that plaintiffs were in default which motion was sustained by the court with leave to plaintiffs to file a second amended complaint. On November 11, 1965, plaintiffs filed a "second amended complaint" which alleges the execution of a note in the amount of $6,000.00, the first quarterly payment being due on June 6, 1964, and the tender on June 6, 1964, "of all installment payments due" and the other allegations of wrongful conversion and damage. Again defendants moved to dismiss "the second

amended complaint" on the same ground theretofore asserted which action was sustained by the court by order entered July 8, 1966. This order of July 8, 1966, is set forth in part as follows: "After maturely considering the matters of law arising upon said Motion, the Court is of opinion that plaintiffs' Second Amended Complaint, being construed together with plaintiffs' Complaint and First Amended Complaint and the exhibits therewith filed, show (sic) affirmatively that plaintiffs were in default under the chattel trust deeds mentioned in said Complaints at the time of the alleged repossession of the personal property conveyed therewith, and that, therefore, plaintiffs' said Second Amended Complaint fails to state a claim upon which relief can be granted, and the Court is of opinion to, and doth hereby, sustain defendants' said Motion to Dismiss.

"It is, therefore, ORDERED and ADJUDGED that plaintiffs' Second Amended Complaint be, and the same is hereby, dismissed, with leave to plaintiffs to file a Third Amended Complaint at any time within fifteen (15) days from and after the date hereof.

"Thereupon plaintiffs, by their said attorneys, announced to the Court that they desired to waive their right to amend said Complaint, and it is, therefore, ORDERED and ADJUDGED that this action be, and the same is hereby, dismissed." On application of the plaintiffs this Court granted an appeal from such judgment on December 13, 1966. Thereafter, the plaintiffs were granted leave to move to reverse and the case was argued and submitted upon such motion.

Two questions are presented for decision herein: (1) the finality—and thus appealability—of the order of July 8, 1966; and (2) what the trial court may look to in order to determine whether a complaint states a claim against a defendant upon which relief may be granted. As to the first question raised, Code, 58-5-1, as amended, in unambiguous language provides that: "A party to a controversy in any circuit court may obtain from the supreme court of appeals . . . an appeal . . . (a) In civil cases . . .

wherein there is a final judgment, decree or order;". Counsel for defendants contend that an order dismissing a complaint under Rule 12 (b) (6) is interlocutory and therefore a non-appealable order.

There is some overlapping perhaps of Rules 12 (b) (6), 12 (c) and 56, R.C.P. The only pleading filed in this case was the complaint. Summons issued thereon and defendants were served with process. Thereafter, defendants chose to move for a more definite statement and, upon obtaining such, asserted the defense of failure to state a claim upon which relief may be granted by motion rather than by answer as was their option under the provision of Rule 12 (b) (6), which motion was appropriate in the circumstances there being only one pleading, the complaint, and the defendants maintaining that it did not "state a claim". Rule 12 (c), for judgment on the pleadings is apropos when a motion for judgment is made after all of the pleadings have been filed and there are no matters to be considered outside the pleadings. While it is true that a motion for summary judgment also may be made under Rule 56 solely upon the pleadings, the procedure thereunder is more applicable where the pleadings are supported by affidavits, depositions, etc. These three rules are closely related and together replace demurrers, pleas in bar, etc.

The orders of the trial court dismissing the original and "First" amended complaints were interlocutory and unappealable inasmuch as they dismissed only the complaints and not the action. However, the order of July 8, 1966, heretofore quoted contains this paragraph: "Thereupon plaintiffs, by their said attorneys, announced to the Court that they desired to waive their right to amend said Complaint, and it is, therefore ORDERED and ADJUDGED that this action be, and the same is hereby, dismissed." It will be noted that not only was the complaint found to be defective but the *action* was dismissed. That was a final appealable judgment under the provisions of Code, 58-5-1, as amended. The following quotation is from the next to last paragraph of *Petros* v. *Kellas*, 146 W. Va. 619,

122 S. E. 2d 177: ". . . it should be observed that a judgment of dismissal of an action under Rule 12 (b) or a final summary judgment under Rule 56, rendered by a trial court is not here reviewable upon certificate but can be reviewed by this Court only upon appropriate appellate process." In *Bennett* v. *General Assurance Corp.*, 148 W. Va. 338, 135 S. E. 2d 96, this Court held that a question could not be certified under Code, 58-5-2, as amended, after an order containing this language by the trial court "the said motion to dismiss this action is hereby sustained. . . ." In *Delardas* v. *Water Commission*, 148 W. Va. 318, 134 S. E. 2d 889, this Court held: "A judgment or an order of a circuit court which sustains a demurrer to a petition in a mandamus proceeding but which does not dismiss the proceeding is not a final or appealable judgment or order, and a writ of error to such judgment or order will be dismissed by this Court as improvidently awarded." A motion to dismiss as in the instant case is identical to the filing of a demurrer under the old common law procedure which still obtains in the proceedings, such as mandamus, that are excepted from the rules of civil procedure. Counsel for the defendants contend that the case of *U. S. F. & G. Co.* v. *Eades, et al.*, 150 W. Va. 238, 144 S. E. 2d 703, is controlling. This is the fourth syllabus point of that case: "Only matters contained in the pleading can be considered on a motion to dismiss under Rule 12 (b) R.C.P., and if matters outside the pleading are presented to the court and are not excluded by it, the motion should be treated as one for summary judgment and disposed of under Rule 56 R.C.P. if there is no genuine issue as to any material fact in connection therewith. If a summary judgment is entered under Rule 56 R.C.P. it is a dismissal with prejudice; whereas, a judgment sustaining a motion to dismiss under Rule 12 (b) R.C.P. is not a dismissal with prejudice." That is a correct statement of the law but in that case as in this case the trial court entered judgment dismissing the action. Such an order is a final disposition of the case, after which ordinarily the trial court can take no further action and the losing party's only recourse is to seek relief in an appellate court. See Rule 41 (b), R.C.P. On

the first question then, we believe it is clear that the final order of the trial court entered on July 8, 1966, dismissing the "second amended complaint", and dismissing the action was a final appealable order under the provisions of Code, 58-5-1, as amended.

As to the question of whether the complaint stated a cause of action, Rule 8 (a), R.C.P., is as follows: "A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded." The primary purpose of this Court in adopting and promulgating the Rules of Civil Procedure for trial courts was to eliminate the intricacies and interminable delays inherent in the rules of common law pleading. Rule 8 (a), R.C.P., contemplates a succinct complaint containing a plain statement of the nature of the claim together with a demand for judgment. Counsel for the defendants, in brief and oral argument, concede that the pleading designated plaintiffs' second amended complaint alleges a claim upon which relief could be granted but maintain vigorously that such can not be considered separately and solely but that all previous complaints and exhibits and plaintiffs' answer to defendants' motion for a more definite statement, not with reference to the last complaint, but a previous one must be considered together in determining whether a cause of action is stated in the last amended complaint and such a finding is made in the final order of the trial court of July 8, 1966. However, there is no inseverability between an amended complaint and a previous complaint in the same case which has been dismissed upon motion of the defendant under Rule 12 (b), R.C.P., and this Court is of the view that whether the last amended complaint stated a cause of action must be determined by its provisions alone. If that were not the rule an error in an original complaint as to jurisdiction or venue would be perpetually fatal.

The motion of the plaintiffs to reverse the judgment of the trial court is sustained, the judgment of the Circuit Court of Roane County is reversed, and this case is remanded to that court for such procedure as may be indicated consistent with the mandate of this Court and the views expressed in this opinion.

*Reversed and remanded.*