# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

## SEPTEMBER 2019 TERM

_____

No. 18-0653
_____

FILED

**November 19, 2019**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TIMOTHY NEWTON**
**Plaintiff Below, Petitioner**

**V.**

**MORGANTOWN MACHINE & HYDRAULICS OF WEST VIRGINIA, INC.,**
**AND SWANSON INDUSTRIES, INC.,**
**Defendants Below, Respondents**

_____

Appeal from the Circuit Court of Monongalia County
The Honorable Russell M. Clawges, Jr., Judge
Civil Action No. 18-C-117

**AFFIRMED**
_____

Submitted: October 29, 2019
Filed: November 19, 2019

Drew M. Capuder                          Rodney L. Bean
Capuder Fantasia PLLC                     Shelby A. Hicks-Merinar
Fairmont, West Virginia                   STEPTOE & JOHNSON PLLC
Attorney for Petitioner                   Morgantown, West Virginia
                                          Attorneys for Respondents

**JUSTICE JENKINS delivered the Opinion of the Court.**

**JUSTICE WORKMAN and JUSTICE HUTCHISON dissent and reserve the right to file dissenting opinions.**

**SYLLABUS BY THE COURT**

1.	"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*."  Syllabus point 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995).

2.	"'"Whether a complaint states a claim upon which relief may be granted is to be determined solely from the provisions of such complaint[.]"  Syl. pt. 3, in part, *Barker v. Traders Bank*, 152 W. Va. 774, 166 S.E.2d 331 (1969).'  Syl. Pt. 2, *Par Mar v. City of Parkersburg*, 183 W. Va. 706, 398 S.E.2d 532 (1990)."  Syllabus point 11, *Vanderpool v. Hunt*, 241 W. Va. 254, 823 S.E.2d 526 (2019).

3.	"The rule that an employer has an absolute right to discharge an at will employee must be tempered by the principle that where the employer's motivation for the discharge is to contravene some substantial public policy principle, then the employer may be liable to the employee for damages occasioned by this discharge."  Syllabus, *Harless v. First National Bank in Fairmont*, 162 W. Va. 116, 246 S.E.2d 270 (1978).

4.	"When an at will employee has been discharged from his/her employment based upon his/her exercise of self-defense in response to lethal imminent danger, such right of self-defense constitutes a substantial public policy exception to the at will employment doctrine and will sustain a cause of action for wrongful discharge."  Syllabus point 8, *Feliciano v. 7-Eleven, Inc.*, 210 W. Va. 740, 559 S.E.2d 713 (2001).

i

**Jenkins, Justice:**

Petitioner Timothy Newton ("Mr. Newton") herein appeals from the June 19, 2018 order of the Circuit Court of Monongalia County dismissing his complaint filed against Respondents Morgantown Machine & Hydraulics of West Virginia, Inc., and Swanson Industries, Inc. ("Respondents"). The circuit court determined that Mr. Newton's complaint, alleging wrongful discharge in contravention of substantial public policy, failed to state a claim upon which relief could be granted pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. On appeal, Mr. Newton contends that his complaint was sufficient to save his case from dismissal. Having considered the briefs submitted on appeal, the appendix record, the parties' oral arguments, and the applicable legal authority, we find that the circuit court did not err in granting the motion to dismiss. Accordingly, we affirm the circuit court's final order.

## I.

### FACTUAL AND PROCEDURAL HISTORY

In April of 2011, Mr. Newton was hired by Respondents as a truck dispatcher. He was employed as an at will employee. On March 15, 2016, Mr. Newton engaged in a physical altercation with a co-worker in the workplace. The next day, Mr. Newton and the co-worker were both terminated from their positions. Two years later, on March 14, 2018, Mr. Newton filed a complaint against Respondents in the Circuit Court of Monongalia County alleging that he was wrongfully discharged from his at will

employment under *Harless v. First National Bank in Fairmont*, 162 W. Va. 115, 246 S.E.2d 270 (1978). More specifically, Mr. Newton asserted that he was fired after using "only absolutely necessary force to defend himself." The facts as pled in the complaint are as follows:

15. On March 15, 2016, Mr. Newton was working in his position as Truck Dispatcher when another employee, a truck driver, physically assaulted Mr. Newton.

16. Mr. Newton applied only necessary force to defend himself, and did not apply any force beyond what was necessary to protect himself.

17. Later that day, Mr. Newton's direct boss, Eric Farnham, told Mr. Newton that Mr. Farnham had consulted with the human resources department management of Swanson Industries, Inc., and that Swanson Industries, Inc.[,] made the decision to suspend Mr. Newton through March 17, even though they understood Mr. Newton's actions constituted self-defense when being attacked by the truck driver.

18. On March 16, 2016, Mr. Farnham informed Mr. Newton that Swanson Industries, Inc.[,] had reconsidered the decision, and decided to fire Mr. Newton instead of suspend Mr. Newton.

19. Mr. Newton was therefore fired on March 16, 2016[,] by Morgantown Machine, despite the fact that both corporate Defendants understood that Mr. Newton's actions constituted self-defense.

Respondents filed a motion to dismiss the complaint for failure to state a claim under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. In their motion, Respondents argued that Mr. Newton failed to state a claim for wrongful discharge because the physical conduct at issue was not in response to lethal imminent danger, but rather in

2

response to a workplace argument. Mr. Newton filed a response to the motion to dismiss, in which he set out additional, more detailed facts concerning the physical attack.

Following a hearing on the motion, by order entered on June 19, 2018, the circuit court granted Respondents' motion to dismiss. The circuit court determined that despite Mr. Newton's claim that the self-defense exception to the at will employment doctrine applied in this case, Mr. Newton "was engaged in an altercation with a coworker that did not involve weapons, dangerous circumstances, or a threat of lethal imminent danger. The facts in this case [did] not describe the substantial public policy exception intended by *Feliciano* [*v. 7-Eleven, Inc.*, 210 W. Va. 740, 559 S.E.2d 713 (2001)]." Mr. Newton now appeals.

## II.

## STANDARD OF REVIEW

Under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, a party can file a motion requesting dismissal of a claim or counterclaim for "failure to state a claim upon which relief can be granted." W. Va. R. Civ. P. 12(b)(6). It is settled law that "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). With this standard in mind, we now address the issue presented.

3

## III.

## DISCUSSION

The question before this Court is whether the circuit court's dismissal of the complaint under Rule 12(b)(6) was proper. Accordingly, we find it necessary to discuss this State's well established procedural law that directs us when evaluating similar motions. This Court has held that motions to dismiss under Rule 12(b)(6) should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. pt. 3, in part, *Chapman v. Kane Transfer Co., Inc.*, 160 W. Va. 530, 236 S.E.2d 207 (1977). Further, "the complaint is construed in the light most favorable to plaintiff, and its allegations are to be taken as true." *Lodge Distrib. Co., Inc. v. Texaco, Inc.*, 161 W. Va. 603, 605, 245 S.E.2d 157, 158 (1978).

> However, despite this liberal standard, the Court has made equally clear that complaints must minimally place a defendant on notice of the claim against it. West Virginia Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" In that regard, the Court has explained that "Rule 8 of the Rules of Civil Procedure requires clarity but not detail." *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.,* 194 W. Va. 770, 776, 461 S.E.2d 516, 522 (1995). Moreover, we have observed that "[t]he primary purpose of these provisions is rooted in fair notice. Under Rule 8, a complaint must be intelligibly sufficient for a circuit court or an opposing party to understand whether a valid claim is alleged and, if so, *what it is.*" *Id.* (emphasis added).

4

*Malone v. Potomac Highlands Airport Auth.,* 237 W. Va. 235, 240, 786 S.E.2d 594, 599 (2015). While this Court recognizes our more liberal policy regarding notice pleading in civil cases, it is vital to note that it

> does not justify a carelessly drafted or baseless pleading. As stated in Lugar and Silverstein, *West Virginia Rules of Civil Procedure* (1960) at 75: "Simplicity and informality of pleading do not permit carelessness and sloth: the plaintiff's attorney must know every essential element of his cause of action and must state it in the complaint."

*Sticklen v. Kittle*, 168 W. Va. 147, 164, 287 S.E.2d 148, 158 (1981).

In other words, "a plaintiff may not 'fumble around searching for a meritorious claim within the elastic boundaries of a barebones complaint[,]' *see Chaveriat v. Williams Pipe Line Co.,* 11 F.3d 1420, 1430 (7th Cir.1993), or where the claim is not authorized by the laws of West Virginia." *Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. at 776, 461 S.E.2d at 522. "[I]f a plaintiff does not plead all of the essential elements of his or her legal claim, a [trial] court is required to dismiss the complaint pursuant to Rule 12(b)(6)." Louis J. Palmer, Jr. and Robin Jean Davis, *Litigation Handbook on West Virginia Rules of Civil Procedure*, 406-07 (5th ed. 2017) (quotations and citation omitted).

As recently noted by this Court in *Doe v. Logan County Board of Education*, 242 W. Va. 45, 829 S.E.2d 45 (2019), "[t]he purpose of a motion under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure is to test the sufficiency of the complaint." *Id.* at ___, 829 S.E.2d at 49 (quotations and citation omitted). When testing the sufficiency of

5

a complaint, "'"[w]hether a complaint states a claim upon which relief may be granted is to be determined solely from the provisions of such complaint[.]" Syl. pt. 3, in part, *Barker v. Traders Bank*, 152 W. Va. 774, 166 S.E.2d 331 (1969).' Syl. Pt. 2, *Par Mar v. City of Parkersburg*, 183 W. Va. 706, 398 S.E.2d 532 (1990)." Syl. pt. 11, *Vanderpool v. Hunt*, 241 W. Va. 254, 823 S.E.2d 526 (2019).

In the case before us, Mr. Newton contends that his complaint, alleging wrongful discharge, was sufficient to survive a motion to dismiss under Rule 12(b)(6). Specifically, he claims that he was fired in violation of substantial public policy when he defended himself in a workplace altercation. Generally, in the absence of express contractual agreements to the contrary, employers and employees in West Virginia are governed by the at will employment doctrine. Under this doctrine, "[w]hen a contract of employment is of indefinite duration it may be terminated at any time by either party to the contract." Syl. pt. 2, *Wright v. Standard Ultramarine & Color Co.,* 141 W. Va. 368, 90 S.E.2d 459 (1955). An at will employee can be discharged at any time, with or without cause. The converse also is true—an employee can quit his or her job at any time, with or without reason. This is the general law regarding employment in West Virginia.

However, through case law, we have restrained the employer's absolute right. In the Syllabus of *Harless v. First National Bank in Fairmont*, 162 W. Va. 115, 246 S.E.2d 270, this Court held:

6

The rule that an employer has an absolute right to discharge an at will employee must be tempered by the principle that where the employer's motivation for the discharge is to contravene some substantial public policy principle, then the employer may be liable to the employee for damages occasioned by this discharge.

Then, in *Feliciano v. 7-Eleven, Inc.*, 210 W. Va. 740, 559 S.E.2d 713, this Court determined that self-defense in response to lethal imminent danger is a substantial public policy principle recognized under *Harless*. However, "while an employee has a right to self-defense, such right must necessarily be limited in its scope and available in only the most dangerous of circumstances." *Id.* at 749, 559 S.E.2d at 723. We held that "[w]hen an at will employee has been discharged from his/her employment based upon his/her exercise of self-defense in response to lethal imminent danger, such right of self-defense constitutes a substantial public policy exception to the at will employment doctrine and will sustain a cause of action for wrongful discharge." Syl. pt. 8, *id.*

Here, there are no statements in the complaint that allege the substantial public policy exception in *Feliciano*, other than the fact that Mr. Newton was physically attacked.[1] Particularly, Mr. Newton does not provide any facts that show he was ever faced

---

[1] In his brief to this Court, Mr. Newton argues that additional facts—first brought up in his response to the motion to dismiss—should be evaluated by this Court in its determination of his case. In support, he cites to a footnote in *Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 776 n.7, 461 S.E.2d 516, 522 n.7 (1995) ("Any facts asserted in a memorandum in opposition to a motion to dismiss but not contained in the complaint are relevant to the extent that they 'could be proved consistent with the allegations.'").

7

with lethal imminent danger. This Court has stated that "[g]eneral allegations in this regard are insufficient" and there must be more than "mere sketchy generalizations of a conclusive nature unsupported by operative facts." *Fass v. Nowsco Well Serv., Ltd.*, 177 W. Va. 50, 53, 350 S.E.2d 562, 564 (1986) (affirming circuit court's dismissal of complaint which failed to state a claim for wrongful discharge in contravention of substantial public policy). Rather, "[e]specially in the wrongful discharge context, sufficient facts must be alleged which outline the elements of the plaintiff's claim." *Id.* at 53, 350 S.E.2d at 564-65.

In the case *sub judice*, Mr. Newton fails to assert facts sufficient to support his allegation of wrongful discharge. Instead, he merely provides conclusory statements about a physical altercation with a co-worker. Mr. Newton's complaint broadly states that "[t]his cause of action is asserted against both Defendants under West Virginia's common law claim for wrongful discharge under *Harless v. First National Bank in Fairmont*, 162 W. Va. 116, 246 S.E.2d 270, 275 (1978)" because he was fired when "he used self-defense." However, beyond vague phrases and conclusory statements such as "physically

---

While we acknowledge that Mr. Newton did put forth additional facts in his response to the motion to dismiss, this Court has held: "'"Whether a complaint states a claim upon which relief may be granted is to be determined solely from the provisions of such complaint[.]" Syl. pt. 3, in part, *Barker v. Traders Bank*, 152 W. Va. 774, 166 S.E.2d 331 (1969).' Syl. Pt. 2, *Par Mar v. City of Parkersburg*, 183 W. Va. 706, 398 S.E.2d 532 (1990)." Syl. pt. 11, *Vanderpool v. Hunt*, 241 W. Va. 254, 823 S.E.2d 526 (2019) (quotations and citations omitted). Moreover, "language in a footnote generally should be considered obiter dicta which, by definition, is language 'unnecessary to the decision in the case and therefore not precedential.' *Black's Law Dictionary* 1100 (7th ed.1999)." *State ex rel. Med. Assurance of W. Va., Inc. v. Recht*, 213 W. Va. 457, 471, 583 S.E.2d 80, 94 (2003).

8

attacked and assaulted on March 15, 2016[,] by another employee" and "reasonably feared serious bodily injury or even death," the complaint never alleges any facts to support his claimed public policy exception to his status as an at will employee.

Although this Court has recognized self-defense as a clear public policy exception to the doctrine of at will employment, we emphasize that the *Feliciano* Court limited this exception to "only the most dangerous of circumstances"—those involving lethal imminent danger. *Feliciano v. 7-Eleven, Inc.*, 210 W. Va. 740, 749, 559 S.E.2d 713, 722 (2001). It is also important to note that, when crafting this narrow holding, the *Feliciano* Court was presented with a case that dealt with masked and armed robbers. Thus, it is clear that the *Feliciano* Court wished to strike a careful balance between the rights of employees with the rights of employers:

> While we recognize this substantial public policy of an employee's right to defend him/herself against bodily injury, we nevertheless must also be mindful of an employer's corresponding duty to safeguard its employees and patrons. *See generally* 12B Michie's Jurisprudence *Master and Servant* §§ 13-15 (Repl.Vol.1992). Thus, while a particular employee may assert his/her right to self-defense, an employer also has an interest in protecting its staff and customers from harm that may befall them as a result of the employee's actions in defending him/herself.

*Id.*

As the circuit court found in its order granting Respondents' motion to dismiss, "[d]espite all of Plaintiff's allegations, the right of self-defense exception to the at

9

will employment doctrine does not apply. Plaintiff was engaged in an altercation with a coworker that did not involve weapons, dangerous circumstances, or a threat of lethal imminent danger." In the context of *Feliciano*, for a person to be justified in taking physical action in self-defense against another person, he must be faced with lethal imminent danger. Mr. Newton's complaint simply fails to contain any facts indicating that he faced lethal imminent danger. As such, accepting all well pled facts as true and in favor of Mr. Newton, we find that he has failed to adequately plead the self-defense exception to the at will employment doctrine, and, therefore, he cannot sustain a claim for wrongful termination. Because of the narrow exception set forth in *Feliciano*, we find that Mr. Newton's complaint fails to state a claim upon which relief could be granted under Rule 12(b)(6).

## IV.

## CONCLUSION

For the reasons set forth above, the June 19, 2018 order of the Circuit Court of Monongalia County granting Respondents' motion to dismiss the complaint is affirmed.

Affirmed.