**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Tri-County Towing, LLC,
Plaintiff Below, Petitioner

vs.)  No. 21-0920 (Greenbrier County 21-C-62)

City of Lewisburg,
Defendant Below, Respondent

## MEMORANDUM DECISION

Petitioner Tri-County Towing, LLC ("Tri-County") appeals the order of the Circuit Court of Greenbrier County, entered on October 13, 2021, granting Respondent City of Lewisburg's ("the City's") motion to dismiss.[1] In its lone assignment of error, Tri-County argues that there are genuine issues of material fact that disfavor dismissal and that the complaint states facts upon which relief could be granted. We review a circuit court's order granting a motion to dismiss a complaint *de novo*. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). Upon our review, we determine that oral argument is unnecessary and that disposition by memorandum decision is appropriate. *See* W. Va. R. App. Proc. 21.

Tri-County filed a complaint seeking declaratory judgment and an order directing the city to adhere to the "County Wrecker Rotation Policy" adopted pursuant to West Virginia Code § 24-6-12.[2] The City filed a motion to dismiss pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure for failure to state a claim on which relief could be granted on alternate theories. First, the City argued that it is protected by statutory immunity under West Virginia Code § 29-12A-5. Second, it argued that West Virginia Code § 24-6-12 does not create a private cause of action and does not apply to municipalities that do not operate an emergency telephone system.

---

[1] Petitioner appears by counsel Anthony M. Salvatore. Respondent appears by counsel Thomas W. White and Esha S. Simon.

[2] West Virginia Code § 24-6-12(a) provides:

> Every three years, the county commission of each county or the municipality operating an emergency telephone system or an enhanced emergency telephone system shall, in consultation with all public safety units, public agencies and all available towing services registered as common carriers pursuant to the provisions of chapter twenty-four-a of this code, establish a policy that provides for the most prompt, fair, equitable and effective response to requests or dispatches for emergency towing services.

The circuit court applied *State ex rel. City of Bridgeport v. Marks*, 233 W. Va. 449, 453, 759 S.E.2d 192, 196 (2014), which states that "[e]ven a cursory reading of West Virginia Code § 24-6-12 demonstrates that there is no statutorily-created private cause of action which would permit towing companies to independently dispute the operation of or deviation from a county's towing policy." On this basis, the circuit court granted the City's motion to dismiss.

In this review, we must determine whether the circuit court erred in finding that Tri-County Towing's complaint failed to state a claim upon which relief could be granted. Crucially,

> "'"[w]hether a complaint states a claim upon which relief may be granted is to be determined solely from the provisions of such complaint[.]" Syl. pt. 3, in part, *Barker v. Traders Bank*, 152 W. Va. 774, 166 S.E.2d 331 (1969).' Syl. Pt. 2, *Par Mar v. City of Parkersburg*, 183 W. Va. 706, 398 S.E.2d 532 (1990)." Syllabus point 11, *Vanderpool v. Hunt*, 241 W. Va. 254, 823 S.E.2d 526 (2019).

Syl. Pt. 2, *Newton v. Morgantown Mach. & Hydraulics of W. Virginia, Inc.*, 242 W. Va. 650, 838 S.E.2d 734 (2019). Our endeavor to consider the sufficiency of the provisions of the complaint is impeded, however, because the parties failed to produce a copy of the complaint in the appendix record on appeal.

We recently reiterated, in *State v. Delorenzo*, ___ W. Va. ___, ___ S.E.2d ___ (2022), that we take as "'non[-]existing all facts that do not appear in the [appendix] record'" (citation omitted). In *Delorenzo*, as here, the petitioner failed to produce documents central to the assignments of error on appeal. And here, as in *Delorenzo*, "[t]he only evidence in the appendix for this Court for review in connection with this assignment of error is the circuit court's . . . order" (*id*.), from which we glean the pertinent facts.

To succeed in its appeal, it is incumbent on Tri-County Towing to demonstrate error because

> "'[a]n appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.' Syllabus Point 5, *Morgan v. Price*, 151 W. Va. 158, 150 S.E.2d 897 (1966)." Syllabus point 2, *In re Visitation of L.M.*, 245 W. Va. 328, 859 S.E.2d 271 (2021).

*Delorenzo*, at Syl. Pt. 4. We are unable to review Tri-County Towing's complaint and we, therefore, assume the correctness of the judgment of the circuit court, which had the opportunity to review the complaint's provisions.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 5, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn