# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**May 1, 2023**
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**BARRY BLACKBURN,**
**Plaintiff Below, Petitioner**

**vs.) No. 22-ICA-69**       (Cir. Ct. Fayette Cnty. No. CC-10-2022-C-39)

**CITY OF SMITHERS,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Barry Blackburn appeals the Circuit Court of Fayette County's "Order Granting Defendant City of Smithers' Motion to Dismiss" entered on July 29, 2022. In that order, the circuit court concluded that Mr. Blackburn's complaint failed to state a claim upon which relief could be granted and that the City of Smithers ("City") was immune from the claims asserted by Mr. Blackburn pursuant to the West Virginia Tort Claims and Insurance Reform Act. The City timely filed a response in support of the circuit court's order.[1] Mr. Blackburn filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21 of the Rules of Appellate Procedure for disposition in a memorandum decision. For the reasons set forth below, the circuit court's order is affirmed in part, vacated in part, and this case is remanded with instructions.

On April 1, 2022, Mr. Blackburn filed his underlying complaint. The complaint states:

> The above-named plaintiff **Barry Blackburn**, alleges the following as true and accurate: **The City of Smithers, improperly seized my building at 36 Michigan Ave., Smithers, WV and refused to allow me entry or anyone else entry in the building.**
>
> and requests the following relief from the court: **Improperly holding my building resulting in loss of rental income in the amount of $720,000**

---

[1] Mr. Blackburn is self-represented. The City is represented by Wendy E. Greve, Esq. and Benjamin B. Vanston, Esq.

**(6,000 sq.ft. based on current rental rates) and damage to my building (where they refused me access after thieves broke in and wind blew off portion of roof causing water damage to merchandise and equipment) in the amount of $150,000 TOTAL: $870,000**

(emphasis in original)

On April 25, 2022, the City filed its motion to dismiss. In its motion, the City argued that pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, the complaint failed to state a claim upon which relief can be granted. Additionally, the City argued that it was entitled to statutory immunity pursuant to the West Virginia Tort Claims and Insurance Reform Act.[2]

On May 3, 2022, Mr. Blackburn filed his Motion to Deny Defendant's Motion to Dismiss. In his motion, Mr. Blackburn asserts that the property was not deemed dangerous by the City's engineer; the property was seized without due process as required by the City's own ordinances; and that the City's Building Inspector acted improperly and was not qualified for the position.

On May 26, 2022, Mr. Blackburn filed his Motion to Amend Complaint, which sought to amend the complaint to reflect the correct address of the subject property. However, Mr. Blackburn did not attempt to address the deficiencies in the complaint raised in the motion to dismiss.

A hearing on the City's motion to dismiss was held on July 18, 2022. Counsel for the City appeared. Mr. Blackburn did not. In his brief on appeal, Mr. Blackburn asserts that he did not attend the hearing due to a scheduling conflict. He does not dispute that he received proper notice and does not allege that he attempted to contact the circuit court to seek a continuance.

Following the hearing, on July 29, 2022, the circuit court entered its Order Granting Defendant City of Smithers' Motion to Dismiss. In that order, the circuit court concluded that Mr. Blackburn's complaint did not allege any actionable conduct by the City. In reaching this conclusion, the circuit court specifically noted that Mr. Blackburn did not allege the date when the improper seizure occurred; failed to articulate a cause of action; and failed to articulate any of the factual circumstances which led to the filing of the complaint. The circuit court went on to conclude that even though Mr. Blackburn did not state a cause of action, his claim(s) were barred by the statutory immunities contained in

---

[2] Specifically, the City argued that it was entitled to statutory immunity pursuant to West Virginia Code § 29-12A-4(b)(1) (1986) and West Virginia Code § 29-12A-5(a)(10) (1986).

2

the West Virginia Tort Claims and Insurance Reform Act.[3] It is from this order that Mr. Blackburn appeals.

On appeal, we apply the following standard of review:

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). "A court reviewing the sufficiency of a complaint should view the motion to dismiss with disfavor, should presume all of the plaintiff's factual allegations are true, and should construe those facts, and inferences arising from those facts, in the light most favorable to the plaintiff." *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of West Virginia*, 244 W. Va. 508, 520, 854 S.E.2d 870, 882 (2020) (citing *Chapman v. Kane Transfer Co.*, 160 W. Va. 530, 538, 236 S.E.2d 207, 212 (1977)).

Upon review, we find that Mr. Blackburn's complaint does not contain sufficient information to put the City on notice of the claim(s) Mr. Blackburn is asserting against it. Under Rule 8 of the West Virginia Rules of Civil Procedure, "a complaint must be intelligibly sufficient for a circuit court or an opposing party to understand whether a valid claim is alleged and, if so, what it is." *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 776, 461 S.E.2d 516, 522 (1995). Bald statements or a carelessly drafted pleading will not survive a Rule 12(b)(6) motion to dismiss. *Highmark W. Virginia, Inc. v. Jamie*, 221 W. Va. 487, 491, 655 S.E.2d 509, 513 (2007) (internal citations omitted). A plaintiff may not "fumble around searching for a meritorious claim within the elastic boundaries of a barebones complaint[.]" *Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770 at 776, 461 S.E.2d at 522. Here, Mr. Blackburn's complaint consists only of bald conclusory statements without any factual support. Further, on July 18, 2022, a hearing was held on the contested issues alleged in the City's motion to dismiss, however, Mr. Blackburn failed to appear at this hearing despite receiving notice of the same. Accordingly, the circuit court did not err in its conclusion that Mr. Blackburn's complaint, as filed, failed to state a claim.

However, we find that the circuit court's determination that statutory immunity bars Mr. Blackburn's claim(s) was premature. As a general rule, motions to dismiss go solely to the sufficiency of claims as they are presented in the pleadings and matters outside the pleadings may not be used or considered. *Dunn v. Consolidation Coal Co.*, 180 W. Va. 681, 683, 379 S.E.2d 485, 487 (1989). Here, there is nothing within the four corners of the complaint that indicates that Mr. Blackburn's complaint, which failed to satisfy the notice pleading standard, would properly give rise to an immunity defense. Therefore, we find

---

[3] Specifically, the circuit court concluded that Mr. Blackburn's allegations did not fall within any of the exceptions to the general grant of immunity to political subdivisions pursuant to West Virginia Code § 29-12A-4(b)-(c). Further, the circuit court also concluded that the City was immune from liability pursuant to West Virginia Code § 29-12A-5(a)(10).

that the circuit court erred by prematurely deciding this case on immunity grounds given the stage of the proceedings and insufficiency of Mr. Blackburn's complaint.

Therefore, we affirm the circuit court's finding that Mr. Blackburn's complaint was insufficient. However, we vacate the circuit court's application of statutory immunity and its dismissal of the case with prejudice. Accordingly, this matter is remanded to the circuit court for entry of an order dismissing Mr. Blackburn's complaint without prejudice.

Affirmed in part, Vacated in part, and Remanded with Instructions.

**ISSUED:** May 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen